UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00216-TBR-LLK

**TRACIE SUE HOPKINS**                                                                                          **PLAINTIFF**

**v.**

**CAROLYN COLVIN, Commissioner of Social Security**                                      **DEFENDANT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

This matter is before the Court on Plaintiff's complaint seeking judicial review of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff has filed a motion for summary judgment and supporting memorandum of law (Docket Numbers (DN) 11 and 12), and Defendant has responded in opposition (DN 18). The Court referred this case to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 (DN 10), and it is ripe for decision.

Plaintiff suffers from fibromyalgia. Her treating neurologist, Christopher King, M.D., completed the Fibromyalgia Impairment Questionnaire. Plaintiff claims that Dr. King's disabling findings were entitled to controlling weight due to an absence of "any medical or legal authority that [the clinical observations in Dr. King's treatment notes such as tender points, chronic pain, and fatigue] <u>cannot</u> *(emphasis added)* cause the limitations described by Dr. King." Plaintiff's Memorandum, DN 12, p. 16 citing Rogers v. Commissioner, 486 F.3d 234 (6th Cir.2007).

The RECOMMENDATION will be to AFFIRM the Administrative Law Judge's (ALJ's) decision because a treating source's opinion is not entitled to controlling weight simply because the objective medical data is consistent with it. When, as here, the ALJ declined to give the treating source's opinion controlling weight, a reviewing court presumes that the ALJ determined the appropriate weight to give the opinion based on a "host of factors." See Rogers referring to factors at 20 C.F.R. § 404.1527(c)(1) through (5). Plaintiff has failed to show that the ALJ abused his discretion in weighing the factors or that

1

a proper consideration of them necessarily required a different result. See Blakley v. Commissioner, 581 F.3d 399, 406 (6th Cir.2009) (The court presupposes that there is a "zone of choice" within which the ALJ may go either way without judicial inference).

## Discussion

The ALJ found that Plaintiff suffers from "severe," or vocationally-significant fibromyalgia, migraine headaches, and irritable bowel syndrome and that fibromyalgia limits her to light work with the option to change position and alternate sitting/standing every 30 minutes for 5 minutes. ALJ's decision, Administrative Record (AR), pp. 47 and 50. Based on these limitations and others, the vocational expert testified that such an individual would retain the ability to perform a significant number of jobs in the national economy. AR, pp. 35-38. This testimony supported the ALJ's denial decision. ALJ's decision, AR, p. 6.

Plaintiff has failed to identify any evidence, which the ALJ was required to accept, of a limitation in addition to those found by the ALJ and incorporated into the controlling vocational hypothetical. She has not shown that the ALJ was required to credit her allegations of subjective symptoms resulting in excessive absenteeism from the job or job site beyond the tolerance of most employers. The general rule in such cases is affirmance of the ALJ's decision. See Ealy v. Commissioner, 594 F.3d 504, 516 (6th Cir.2010) (The vocational testimony constitutes substantial evidence in support of an ALJ's decision if the limitations assumed "accurately portray" the claimant's impairments) and Sumner v. Commissioner, 2014 WL 1341085 (W.D.Mich.) (In a fibromyalgia case, the vocational hypothetical must incorporate only those limitations found credible).

Plaintiff presents two principal claims: 1) The ALJ failed to properly weigh the opinion of her treating physician. 2) The ALJ failed to properly evaluate her credibility. Plaintiff's Memorandum, DN 12, pp. 14-19 and 19-22, respectively.

**Governing legal standards in fibromyalgia cases:**
**Rogers v. Commissioner, 486 F.3d 234 (6th Cir.2007)**

Fibromyalgia is "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." Social Security Ruling (SSR) 12-2p (available at 2012 WL 3104869). The principal symptoms are pain all over, fatigue, disturbed sleep, and stiffness. The causes are unknown, and there is no cure.

According to the seminal case in this Circuit (cited most frequently) when the allegedly disabling impairment is fibromyalgia: "[O]f greatest importance to disability law, [fibromyalgia's] symptoms are entirely subjective." Rogers v. Commissioner, 486 F.3d 234 n.3 (6th Cir.2007). Patients "present no objectively alarming signs." Id. at 243. They manifest normal muscle strength and neurological reactions and have a full range of motion. Id. at 244.

Like its symptoms, the process of diagnosing fibromyalgia is subjective, or at least, based on the patient's subjective responses: It includes testing a series of focal/trigger points for tenderness and ruling out of other possible conditions. Id. The focal-point test consists of pressing firmly in 18 fixed locations on the body to determine if the patient flinches or experiences any pain at least 11 times. SSR 12-2p.

Despite its subjective nature, the Sixth Circuit has repeatedly held that fibromyalgia can be a "severe" impairment, i.e., one that is medically determinable and vocationally significant. See Rogers collecting cases.

On the other hand, the mere "diagnosis _(emphasis original)_ of fibromyalgia does not automatically entitle [a claimant] to disability benefits." Torres v. Commissioner, 490 Fed.Appx. 748, 2012 WL 3089334 (6th Cir.). Indeed, most fibromyalgia sufferers are not disabled, and the question before the court is whether the evidence required the ALJ to find that the plaintiff is "one of the minority." Id.

3

Practically speaking, fibromyalgia is typically disabling when subjective symptoms credibly result in:  1) job absences in excess of approximately 2 days per month; 2) more than a few (if any) unscheduled breaks from the work station (in addition to the customary 15-minute breaks in the morning and afternoon and a 30-minute lunch break); and/or 3) inability to sit or stand/walk for approximately 30 minutes at a time (before needing to alternate position).

The 5-step sequential evaluation process for evaluating a Social Security disability claim[1] is essentially the same when the allegedly-disabling impairment is fibromyalgia.  The main difference is the extra care the ALJ should take in making his or her residual functional capacity (RFC) finding (relevant at Steps 4 and 5 of the evaluation process) and in particular:  1) Evaluating the credibility of the claimant's allegations with respect to the limiting effects of pain and other subjective symptoms; and 2) Determining the weight given to any treating-source medical opinion with respect to what the claimant can still do despite her impairments.

In evaluating credibility, the ALJ may not discount the claimant's statements about the intensity, persistence, and functionally-limiting effects of symptoms solely because they are not substantiated by objective medical evidence.  The ALJ may ultimately discount such statements but the rationale must be based upon the evidence as a whole, including the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other

---

[1] The regulations promulgated by the Commissioner establish a 5-step sequential evaluation process:
1.  If the claimant is doing substantial gainful activity, the claimant is not disabled.
2.  If the claimant does not have a severe medically determinable physical or mental impairment – i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
3.  If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
4.  If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
5.  If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.
Rubbers v. Commissioner, 582 F.3d 647, 652 (6th Cir.2009) citing 20 C.F.R. § 404.1520.

treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. Rogers referring to factors at 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p.

Under the first prong of the so-called "treating-physician rule," the ALJ generally gives the treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record."  Rogers quoting 20 C.F.R. § 404.1527(c)(2).  Under the second prong, if the ALJ does not give the treating physician's opinion controlling weight, he or she determines the weight to give the opinion in light of a "host of factors," including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors.  Id. referring to factors at 20 C.F.R. § 404.1527(c) and SSR 96-2p.  "In many cases, the treating physician's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."  Rogers quoting SSR 96-2p.

In fibromyalgia cases, the focus of judicial review is typically the supportability of the ALJ's application of the second prong of the treating-physician rule because the first prong focuses on objective medical data and is difficult to satisfy in light of fibromyalgia's subjective character.  In any event, the ALJ must give "good reasons" in his or her decision for the weight given to a treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).  "Good reasons" are those that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Rogers quoting SSR 96-2p.

The ALJ's evaluation of a claimant's credibility and the weighing of the medical opinions should consider all relevant factors.  However, there is no requirement that the ALJ's decision explicitly engage in a factor-by-factor analysis.  See Rogers quoting SSR 96-7p (The decision "must be sufficiently specific

5

to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight") and SSR 96-2p (The decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").

Roger's central holding, then, may be summarized as follows:  It is error to deem fibromyalgia a non-severe impairment at Step 2 of the sequential evaluation process due simply to a lack of substantiating objective medical evidence.  The error is a reversible one when the ALJ's decision affirmatively shows that this same error of insistence upon objective evidence permeated the remainder of the evaluation process.

Where there is a lack of evidence of such error, it is unlikely that a reviewing court will reverse the ALJ's decision.  See Blakley v. Commissioner, 581 F.3d 399, 406 (6th Cir.2009) (The court will not re-weigh the evidence and substitute its judgment for that of the ALJ merely because substantial evidence exists in the record to support a different conclusion; the substantial-evidence standard of review presupposes that there is a "zone of choice" within which the ALJ may go either way without judicial inference).

**The ALJ's credibility analysis was proper.**

Plaintiff claims that the ALJ failed to properly evaluate her credibility.  Plaintiff's Memorandum, DN 12, pp. 19-22.

The ALJ's credibility assessment was unfavorable:  "Although the inconsistent information the claimant provided may not be the result of a conscious intention to mislead, the inconsistencies nevertheless suggest that the information the claimant provided may not be entirely reliable."  ALJ's decision, AR, p. 52.  In support of this view, the ALJ cited Plaintiff's:  sporadic earnings record; filing an unsuccessful disability claim at age 23 during a period of un- or under-employment and then returning to work when the claim was unsuccessful; attributing loss of her last job at Applebee's to inability to

6

perform job requirements despite evidence that she quit due to insufficient work; maintaining an "impressive array" of fun and entertaining activities such as photography, sewing, and jewelry-making; babysitting and helping others for free when so inclined; infrequently requiring emergency-room treatment for migraines despite allegedly disabling symptoms; and treatment records repeatedly noting a "good" prognosis. AR, pp. 51-52.

These were legitimate factors to consider in evaluating credibility. See Rogers referring to factors at 20 C.F.R. § 404.1529(c)(3); see also Cocke v. Commissioner, 5:13-CV-00114-LLK, 2014 WL 798158 (W.D.Ky.) (In fibromyalgia cases, due to an inherent lack of objective evidence, the ALJ typically focuses on the claimant's activities of daily living or lack thereof and whether the individual's treatment records show that the symptoms have progressively worsened, improved, or remained stable).

Although Plaintiff persuasively shows that substantial evidence would have supported a finding that her allegations are fully credible, she has not shown that the ALJ abused his discretion or acted outside his "zone of choice" in finding the allegations to be only partially credible. See Blakley, supra, regarding the ALJ's "zone of choice" and Smith v. Commissioner, 307 F.3d 377, 379 (6th Cir.2001) (The Court will not disturb an ALJ's credibility finding absent "compelling reason").

It is not the Court's role (absent a compelling reason) to second-guess an ALJ's credibility findings. Unlike the Court, which reviews only a written administrative record, the ALJ had the benefit of live interaction with Plaintiff. See Jones v. Commissioner, 336 F.3d 469, 476 (6th Cir.2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying") and Cocke, supra (In fibromyalgia cases, due to an inherent lack of objective evidence, the credibility assessment often requires a consideration of "subtle factors that are not apparent on the face of the record such as demeanor").

The ALJ's credibility analysis was supported by substantial evidence and was in accord with applicable legal standards.

**The ALJ properly weighed the treating physician's opinion.**

Plaintiff claims that the ALJ failed to properly weigh the opinion of her treating physician. Plaintiff's Memorandum, DN 12, pp. 14-19.

In February, 2011, Plaintiff began seeing neurologist Christopher King. AR, p. 540. In December, 2013, Dr. King completed the Fibromyalgia IQ (Impairment Questionnaire) IQ) and the Headaches IQ. AR, pp. 540-551. The ALJ gave Dr. King's assessments "little weight" because Plaintiff's treatment notes repeatedly characterized her prognosis as good, thereby rendering Dr. King's statements and assessments internally inconsistent. ALJ's decision at AR, p. 52 referring to treatment notes at AR, pp. 540, 546, and 548.

Plaintiff persuasively shows that, in weighing Dr. King's opinion, the ALJ's decision focused excessively on the first (controlling-weight) prong of the treating-physician rule. Compare ALJ's decision at AR, p. 52 (noting Plaintiff's normal gait, full muscle strength, and her being neurologically intact) and Rogers at 243-244 (stating that fibromyalgia patients "present no objectively alarming signs" and manifest normal muscle strength, neurological reactions, and range of motion).

Plaintiff has not shown, however, that, in evaluating Dr. King's opinion under the second (all-factors) prong, the ALJ abused his discretion or acted outside his "zone of choice" (Blakley, supra) in weighing the relevant factors and adopting Dr. King's medical opinion only to the extent of his RFC finding. This is particularly so in light of the ALJ's unfavorable credibility finding. See discussion, supra.

Alternatively, Dr. King's per-se disabling findings do not rise to the level of a legitimate medical opinion, which is a threshold requirement for according a treating physician's opinion "special significance." See 20 C.F.R. § 404.1527(d) (Opinions that "would direct the determination or decision of disability" are not genuine medical source opinions but rather "medical source opinions on issues

8

reserved to the Commissioner," which are entitled to no "special significance") and Rudd v. Commissioner, 531 Fed.Appx. 719, 728 (6th Cir.2013) quoting SSR 96-5p (adopting the treating physician's disabling opinion "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled").

In particular, Plaintiff contends that the ALJ did not properly evaluate Dr. King's finding that she must periodically alternate sitting and standing every 20 minutes. Dr. King's finding, AR, p. 549. The ALJ found that Plaintiff must alternate sitting/standing every 30 minutes for 5 minutes. ALJ's finding, AR, p. 50. Plaintiff argues that, in so finding, the ALJ erroneously preferred the one-time examining source opinion of Nicole Kershner, M.D., to that of her treating physician. Dr. Kershner examined Plaintiff at the Commissioner's request and opined, among other things, that: "The claimant states that she can sit for approximately 20 minutes before developing back and leg pain requiring her to change position. I feel that she would be able to do this at least for 30 minutes." AR, p. 492. While the ALJ did state that he gave "great" weight to Dr. Kershner's opinion (ALJ's decision, AR, p. 52), ultimately, the ALJ's finding that Plaintiff must alternative sitting/standing every 30 minutes for 5 minutes was his own finding (part of the required RFC finding) based on the medical and non-medical evidence as a whole. See 20 C.F.R. § 404.1527(d)(2) ("Although we consider opinions from medical sources on issues such as ... your residual functional capacity ..., the final responsibility for deciding these issues is reserved to the Commissioner"). The ALJ did not erroneously prefer the examining source opinion simply because he considered it and gave it great weight.

The ALJ's weighing of the treating physician's opinion was supported by substantial evidence and was in accord with applicable legal standards.

**RECOMMENDATION**

Therefore, the Magistrate Judge RECOMMENDS that Plaintiff's motion for summary judgment (Docket Number 11) be DENIED, the final decision of the Commissioner be AFFIRMED, and Plaintiff's complaint be DISMISSED.

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.1984).